IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BASILLIO KWAMIE NESBY                                                                                    PLAINTIFF

V.                                            CIVIL NO. 1:11-cv-01023

JAMES BOLTON; SHAWN MORGAN;
MIKE DAVIDSON; and DAVID NORWOOD                                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Basillio Nesby filed this case *pro se* and *in forma pauperis* on March 16, 2011 under 42 U.S.C. § 1983. ECF No. 1. Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Ouachita County Detention Center ("OCDC") in Camden, Arkansas. According to his address of record, Plaintiff is currently incarcerated in the Arkansas Department of Corrections Benton Work Unit.

In his Complaint, Plaintiff claims he was denied medical care for gout in his foot. ECF No. 1, pp. 3-4. Specifically, Plaintiff alleges he filed a medical request form on February 2, 2011 with Jailer Shawn Morgan. ECF No. 1, p. 6. No action was taken on Plaintiff's medical request, and he never receive medical treatment for his gout. ECF No. 1, p. 6.

1

On August 15, 2012, Defendants filed a Motion for Summary Judgment. ECF No. 17. On August 16, 2012 the Court sent Plaintiff a Notice and directed him to indicate on the notice whether he would file a response to Defendants' Motion for Summary Judgment within thirty (30) days or if requests the Court's assistance in responding to Defendants' Motion for Summary judgment by the preparation of a questionnaire. ECF No. 20. Plaintiff was directed to return the complete Notice by September 13, 2012. ECF No. 20.

On August 29, 2012, Plaintiff notified the Court of a change of address to the Arkansas Department of Corrections Benton Work Unit. ECF No. 21. On September 5, 2012, Plaintiff filed a Motion for Extension of Time to return his Notice indicating whether he would like the Court's assistance in responding to Defendants' Motion for Summary Judgment. ECF No. 22. On November 6, 2012, the Court granted Plaintiff's Motion for Extension of Time and directed him to file his Notice by November 19, 2012. ECF No. 24. Plaintiff failed to file his Notice by the extended deadline.

On December 10, 2012, Defendants filed a Motion to Dismiss based on Plaintiff's failure to respond to the Court's November 6, 2012 Order. ECF No. 25. On January 3, 2013, the Court issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed based on his failure to comply with the Court's November 6, 2012 Order. Plaintiff was directed to respond to the Order to Show Cause by January 15, 2013. ECF No. 27. Plaintiff again failed to respond.

On January 22, 2013, Defendants filed a second Motion to Dismiss based on Plaintiff's continued failure to respond to the Court's orders. ECF No. 28.

On January 23, 2013, the Court received a filing from Plaintiff requesting the status of his

2

case, and stating he sent a request for a summary judgment questionnaire. ECF No. 30. The Court construed this filing as a Response to the Court's January 3, 2013 Order to Show Cause as Plaintiff alleged in the filing that he did previously file his Notice requesting a questionnaire from the Court. Even though the Court construed this filing as a Response to the Order to Show cause, it was filed past the January 15, 2013 deadline set by the Court.

On January 24, 2013, the Court prepared and sent Plaintiff a questionnaire to aide in his response to Defendants Motion for Summary Judgment. ECF No. 31. The Court ordered Plaintiff to complete the questionnaire and file it with the Court no later than February 19, 2013. ECF No. 31. Plaintiff failed to do so.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v.*

*City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.     DISCUSSION

Plaintiff has failed to comply with three Court orders regarding his response to the Defendants' Motion for Summary Judgment. *See* ECF Nos. 24, 27, 31. Defendants' Motion for Summary Judgment has been pending for over six months as the Court has attempted to provide Plaintiff with every opportunity to respond. Plaintiff has continuously failed to do so.

Furthermore, Plaintiff has failed to prosecute this case. Plaintiff has failed to respond to Defendants' Motion for Summary Judgment (ECF No. 17), first Motion to Dismiss (ECF No. 25), or second Motion to Dismiss (ECF No. 28).

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's orders and failure to prosecute this action. *See* Fed. R. Civ. P. 41(b).

### IV.     CONCLUSION

For the foregoing reasons, I recommend the above styled case be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

4

**DATED** this **27th day of February 2013.**

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE